```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BAY E. INGRAM                  *          CIVIL ACTION

VERSUS                         *          NO: 06-2325

DYNACQ HEALTHCARE, INC.        *          SECTION: "D"(2)
```

### ORDER AND REASONS

Before the court are the following motions set for hearing on Wednesday, July 5, 2006:

(1) **"Motion to Stay Proceeding"** filed by Defendant, Dynacq Healthcare, Inc. (Dynacq); and

(2) **"Motion for Summary Judgment"** filed by Plaintiff, Bay E. Ingram.

On July 3, 2006, Defendant Dynacq filed an **"Ex Parte Motion to Deny/Stay Consideration of Plaintiff's Motion for Summary Judgment Pursuant to F.R.C.P. 56(f)"**. The court treats this motion as Defendant's supplemental memorandum in opposition to Plaintiff's Motion for Summary Judgment. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules as follows.

**(1) Defendant's "Motion to Stay Proceeding"**

In its **"Motion to Stay Proceeding,"** Defendant Dynacq moves the court to stay this proceeding pursuant to *Colorado River*[1] abstention principles and require Plaintiff to pursue his claims for employment bonus payments and business expenses in a declaratory judgment action filed by Doctor's Practice Management, Inc., in Texas state court on March 31, 2006.

In *Black Sea Investments, Ltd v. United Heritage Corporation*, 204 F.3d 647 (5th Cir. 2000), the Fifth Circuit explained:

> The Supreme Court has not prescribed a "hard and fast rule" governing the appropriateness fo *Colorado River* abstention, but it has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extend federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id*. at 650.

Applying these factors to this case, the court determines that

---

[1] *Colorado River Water Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

they do not weigh in favor of abstention.  **Factor 1:** Defendant concedes that the first *Colorado River* factor weighs against abstention because "Plaintiff's bonus and expense reimbursement claims do not present a property dispute, such that neither this court nor the Texas state court is required to exercise jurisdiction over a *res*." (Defendant's Memo. at p. 6, n. 3).

**Factor 2**:  The court is unconvinced that this forum in inconvenient, and if there is any inconvenience it is not so great "that abstention is warranted."  *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 499 (5th Cir. 2003).

**Factor 3:**  The court recognizes that there is a question as to which entity is Plaintiff's employer: Dynacq who is sued in this case or Doctor's Practice Management, Inc. who filed the declaratory judgment action in the Texas state court.  However, the court concludes that this issue will be ultimately resolved, and there is no danger of "piecemeal litigation."  To the extent that this suit and the suit in Texas are duplicative, "the problem of inconsistent judgments can be obviated through a plea of *res judicata* should one court render judgment before the other."  *Id*. at 488.

**Factor 4:** In a demand letter of **March 28, 2006**, written to Dynacq's Chief Financial Officer, Plaintiff's counsel advised that

Plaintiff intended to file suit (a copy of the proposed petition enclosed) against Dynacq if the company did not pay Plaintiff certain unpaid bonuses and expenses within 15 days of demand. (Plaintiff's Ex. A). Then, on **March 31, 2006**, Doctor's Practice Management, Inc. filed its Texas state declaratory judgment suit. On **April 17, 2006**, Plaintiff filed this instant suit.[2] Neither matter has significantly progressed. The court concludes that the order in which the suits were filed is of minimal significance.

**Factor 5:** This case involves only issues of Louisiana state law, which this court often interprets and applies when sitting in diversity. The absence of a federal law issue does not counsel in favor of abstention. *Black Sea Investments, Ltd,* 204 F.3d at 651.

**Factor 6:** The adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction can only be a neutral factor or one that weighs against, not for, abstention. *Id*. at 652.

Accordingly,

**IT IS ORDERED** that Defendant's **"Motion to Stay Proceeding"** be and is hereby **DENIED.**

---

[2] Plaintiff initially filed this suit in Louisiana state court and Defendant subsequently removed the matter here.

**(2)  Plaintiff's Motion for Summary Judgment**

The court finds that Plaintiff's Motion for Summary Judgment is premature and Defendant is entitled to Rule 56(f) relief. Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion for Summary Judgment"** be and is hereby **DENIED AS PREMATURE**, but without prejudice to Plaintiff's right to re-notice his Motion for Summary Judgment upon completion of discovery.

New Orleans, Louisiana, this **6th** day of **July**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE